UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LASHAWN K. FORD | No. 12 CR 927<br><br>Judge Rebecca R. Pallmeyer |

PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, including financial information of one or more persons other than the defendant. These materials shall be plainly marked as sensitive by the government prior to disclosure. All materials marked as sensitive ("the sensitive materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. No such materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant (defined as counsel of record in this case), persons retained or consulted with to assist the defense, or the person to whom the sensitive information solely and directly pertains ("authorized persons"), without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and

instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant). Materials originally marked as sensitive may be re-categorized as not sensitive, and thus not subject to this Order, but only with the written agreement of the government.

2. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the sensitive materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original sensitive materials.

3. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the sensitive materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original sensitive materials.

4. Before providing sensitive materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

5. Upon conclusion of all stages of this case, all of the sensitive materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the government; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such sensitive materials. In the event that the sensitive materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the sensitive materials are so maintained, and the

sensitive materials may not be disseminated or used in connection with any other matter without further order of the Court.

6. To the extent any sensitive material is produced by the government to defendant or defendant's counsel by mistake, the government shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

7. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses sensitive information, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

8. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
REBECCA R. PALLMEYER
District Judge
United States District Court
Northern District of Illinois

Date: January 3, 2013